UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEONARDO RODRIGUEZ HERNADEZ, | § § § | Cv. No. SA:13-CV-0685-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| W.R. KIRKENDALL, in his individual and official capacities; GUADALUPE COUNTY; JOHN DOE 1–5, as yet to be discovered; and JANE DOE 1–5, as yet to be discovered | § § § § | |
| Defendants. | | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

On August 5, 2014, the Court heard oral argument on the Motion for

Summary Judgment filed by Defendants W.R. Kirkendall and Guadalupe County.

("Mot.," Dkt. # 12.)  Eric Johnston, Esq., appeared on behalf of Defendants;

Plaintiff Leonardo Rodriguez Hernandez ("Plaintiff") did not appear.  After careful

consideration of the memoranda in support of and in opposition to the Motion, and

in light of the parties' arguments at hearing, the Court, for the reasons that follow,

**GRANTS** Defendants' Motion for Summary Judgment.

1

BACKGROUND

Plaintiff was arrested in Guadalupe County on January 13, 1989 and charged by a grand jury with delivery of a controlled substance.  (Mot. Ex. A.)  On November 13, 1989 the District Court of Guadalupe County, Texas, 25th Judicial Division, entered a judgment on the Plea of Guilty against Hernandez that resulted in a sentence of forty years confinement. (Id.)  Plaintiff is not literate nor is he fluent in English ("Compl.," Dkt. # 1 at 6), but was represented by an attorney when he signed the plea agreement.  Plaintiff alleges that Defendant coerced him into signing the plea agreement through "fraud, fear and intimidation." (Id.)

Additionally, Plaintiff alleges that these actions were part of a revenue-generating scheme, whereby "law enforcement officers, the District Attorneys, and the Judicial Department work[ed] in concert, to create sham legal proceedings in order to generate counterfeit negotiable instruments."  (Id.)

Further, Plaintiff asserts that gang members coerced him into committing the crime for which he was arrested through threats against him and his family.  (Id.)  Plaintiff also asserts that it was these gang members that arrested him, took him to jail and held a "secret" trial.  (Id.)[1]

---

[1] It is unclear if Plaintiff is alleging the gang members were undercover police officers or were in fact members of a gang.

On July 29, 2013, Plaintiff brought suit in district court asserting causes of action for violations of his civil rights under 42 U.S.C §§ 1983, 1985, 1986, and 1988, and also asserting a state-law fraud claim.  (Compl. at 4.)   On April 9, 2014, Defendants filed the Motion for Summary Judgment that is now before the Court.  (Dkt. # 12.)  Plaintiff has not responded.

<u>STANDARD OF REVIEW</u>

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251–52 (1986).  The main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  <u>Id.</u> at 323.  If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial.  <u>ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.</u>, 699 F.3d 832, 839 (5th Cir. 2012).  In deciding whether a factual issue exists, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  <u>Reeves v. Sanderson Plumbing Prods.,</u>

3

Inc., 530 U.S. 133, 150 (2000).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

DISCUSSION

Defendants have filed the instant motion arguing they are entitled to summary judgment because: (1) Plaintiff's claims are barred by the Statute of Limitations (Mot. at 9.); (2) any civil action against Defendant Kirkendall is barred by the doctrine of absolute immunity (id. at 2); (3) there is no evidence that an official policy of Guadalupe County was the moving force behind a violation of constitutional rights (id. at 10); and (4) Plaintiff's state-law claim against Guadalupe County is barred by the doctrine of sovereign immunity (id. at 13).

I.    <u>Plaintiff's Claims are Barred by the Statute of Limitations</u>

There is no federal statute of limitations for claims arising under 42 U.S.C. §§ 1983 and 1985, however § 1988 directs courts to use state law to determine an applicable statute of limitations.  42 U.S.C § 1988(a).

"The limitations period for a claim brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."  <u>Humphreys v. City of Ganado, Tex.</u>, 467 F. App'x 252, 255 (5th Cir. 2012) (citing <u>Price v. City of San Antonio</u>, 431 F.3d 890, 892 (5th Cir. 2005)). Therefore, Texas law governs the relevant limitations period.

Pursuant to Texas Civil Practice and Remedies Code § 16.003, Plaintiff's §§ 1983 and 1985 claims are governed by a two-year statute of limitations.  Tex. Civ. Prac. & Rem. Code § 16.003 ("[A] person must bring suit for . . . personal injury . . . not later than two years after the date a cause of action accrues."); <u>see</u> <u>Felder v. Miles</u>, No. 2006 WL 3761971, at *3 (E.D. Tex. Dec. 21, 2006) (citing <u>Burrell v. Newsome</u>, 883 F.2d 416, 419 (5th Cir. 1989) ("The statute of limitations in Texas for section 1983 and 1985 actions is two years."). Therefore, under Texas law, Plaintiff had two years after the day the cause of action accrued to bring his claims.  <u>Cuadra v. Hous. Indep. Sch. Dist.</u>, 626 F.3d 808, 814 n.7 (5th Cir. 2010).

Although Texas law determines the statute of limitations, federal law determines when a cause of action under § 1983 and 1985 accrues.  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); see Wallace v. Kato, 549 U.S. 384, 397 (2007) ("The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").  "Under federal law, a cause of action arises 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992) (quoting Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989)).

In Plaintiff's case, he would have "ha[d] reason to know of the injury which is the basis of the action" at the earliest when he was arrested on January 13, 1989, and at the latest when he entered into the plea agreement and was sentenced on November 13, 1989.  (Mot. Ex. B.)  Therefore, the statute of limitations ran its course no later than November 14, 1989, and accordingly Plaintiff's § 1983 and 1985 claims are barred by the Statute of Limitations.[2]  Although the Statute of

---

[2] Plaintiff's § 1986 (action for neglect to prevent) claim is also barred.  Pursuant to § 1986, a plaintiff must bring a cause of action under the section within one year of its accrual.  See 42 U.S.C. § 1986.  Again, the incidents Plaintiff complains of occurred well over twenty years ago in 1989.

Limitations bars Plaintiff's § 1983, 1985 and 1986 claims, the Court, for the sake of thoroughness, will address Defendants' remaining arguments.

II.   Plaintiff's Claims Against Defendant Kirkendall

a.   42 U.S.C § 1983

Defendant Kirkendall argues that Plaintiff's claims are barred pursuant to the doctrine of absolute immunity because he was acting in his official capacity as a prosecutor at the time the alleged violations occurred.  (Mot. at 3.)

Kirkendall was the District Attorney for the 25th Judicial District of Texas at the time the arrest occurred, serving from 1984 to 2004.  (Mot. Ex. A. at 2.)  Prosecutors are absolutely immune from liability in § 1983 suits brought when their actions were "intimately associated with the judicial phase of the criminal process."  Van de Kamp v. Goldstein, 555 U.S. 335, 335 (2009).  However, absolute immunity does not leave the public powerless against protected officials.  Absolute immunity does not apply when a prosecutor is engaged in investigative or administrative tasks rather than acting as "an officer of the court."  Id. at 337.

In determining whether the tasks were judicial or administrative a court looks to Imbler v. Pachtman's "functional" test.  Id., 424 U.S. 409, 431 (1976) (holding that a prosecutor is immune from a civil suit for damages under § 1983 when initiating a prosecution and in presenting the State's case).  "District attorneys and other prosecutors are absolutely immune from liability when

7

performing their prosecutorial functions."  Charleston v. Pate, 194 S.W.3d 89, 90

(Tex. App. 2006) (citing Imbler, 424 U.S. at 431).

Under this framework, Kirkendall is unquestionably afforded the

defense of absolute immunity.  Here, Plaintiff is complaining of Kirkendall's

actions in the trial process, specifically his conduct related to the plea agreement;

therefore, his functions were "intimately associated with the judicial phase of the

criminal process," and he is entitled to immunity.  See Imbler, 424 U.S. at 431

(holding that absolute immunity follows conduct that is directly related to the

trial); Van de Kamp, 555 U.S. at 335.

Plaintiff does not address Kirkendall's absolute immunity, but

contends that Kirkendall coerced him into signing the plea agreement through

"fraud, fear and intimidation."  (Compl. at 6.)  Even if these claims are true, they

would not defeat Kirkendall's claim of absolute immunity.  See Rodriguez v.

Lewis, 427 F. App'x 352, 353 (5th Cir. 2011) (holding that a prosecutor remains

entitled to absolute immunity even if the acted "maliciously, wantonly or

negligently").

Moreover, Plaintiff's § 1983 claims are barred on a separate basis

because his conviction or sentence has not been reversed, expunged, or invalidated.

In order to recover damages for an allegedly unconstitutional conviction or

imprisonment a § 1983 Plaintiff must first show that his conviction was "reversed

on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487

(1994).  The validity of Plaintiff's conviction has not been called into question and

he never petitioned for a writ of habeas corpus.  (Mot. at 7.)  Therefore, Plaintiff's

§ 1983 claims against Defendants are invalid on a separate basis because he seeks

damages relating to a conviction or sentence that has not been invalidated.

      b.    42 U.S.C. §§ 1985, 1986 and 1988

      Plaintiff's § 1985 and 1986 claims are similarly invalidated pursuant

to Heck.  Green v. Vu, No. A-09-CA-913-LY, 2010 WL 56066, at *2 (W.D. Tex.

Jan. 5, 2010) (citing Stephenson v. Reno, 28 F.3d 26, 26–28 (5th Cir. 1994) (per

curiam) (affirming dismissal of claims under 42 U.S.C. § 1985 as barred by Heck);

McQuillon v. Schwarzenegger, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) (applying

Heck equally to claims under §§ 1983, 1985 and 1986); Amaker v. Weiner, 179

F.3d 48, 52 (2d Cir. 1999) ("Heck therefore applies with respect not only to

plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims")).

Because Plaintiff does not allege that his conviction has been reversed, expunged,

invalidated, or called into question, nor has he presented any evidence of such,

Plaintiff's claims under §§ 1985 and 1986 are dismissed.

      c.    <u>State Law Fraud Claim</u>

Next, Defendants argue that pursuant to the Texas Tort Claims Act, Plaintiff is unable to sue both Kirkendall and Guadalupe County for his state law fraud claim.  (Mot. at 14).

The election-of-remedies provision of the Texas Tort Claims Act forces plaintiffs at the start of litigation to decide to sue either the individual employee because he allegedly acted independently, or the governmental unit because it is vicariously liable for employees acting within the scope of their employment.  <u>See</u> <u>Mission Consol. Indep. Sch. Dist. v. Garcia</u>, 253 S.W.3d 653, 655 (Tex. 2008).  By requiring the plaintiff to make an irrevocable election to either sue the government or the employee individually, the Act "narrows the issues for trial and reduces delay and duplicative litigation costs."  <u>Id.</u>  The Texas Supreme Court noted that the Tort Claim Act's election scheme "is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer."  <u>Id.</u>

Because Plaintiff chose to sue both Guadalupe County and Kirkendall on the same issue, and Guadalupe County has moved to dismiss the claims against Kirkendall, the Court must do so.  Tex. Civ. Prac. & Rem. Code § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its

employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit"); see Garcia, 253 S.W.3d at 659 (dismissing government employee upon school district's filing of a motion); Tex. Bay Cherry Hill, L.P. v. City of Fort Worth, 257 S.W.3d 379, 401 (Tex. App. 2008) (holding that "a suit under the Tort Claims Act against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities").

Accordingly, the Court **GRANTS** Guadalupe County's motion; Plaintiff's state law fraud claim against Kirkendall is dismissed.

III.   Plaintiff's Claims Against Guadalupe County

a.   42 U.S.C § 1983

Plaintiff alleges his civil rights were violated by Guadalupe County. (Compl. at 16.)  Guadalupe County argues that Plaintiff's § 1983 claims against it must be dismissed because it did not violate any constitutional right of Plaintiff, nor does it have a "custom or policy" of violating constitutional rights.  (Mot. at 10.)

"To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."  Whitley v. Hanna, 726 F.3d 631, 649 (5th Cir. 2013) (quoting Peterson v. City of Fort Worth, Tex.,

11

588 F.3d 838, 847 (5th Cir. 2009)).  Plaintiff has offered no evidence that an

official policy, promulgated by a policy maker was the moving force behind his

alleged deprivation of rights.  He simply offers the conclusory argument that the

County violated his rights:

> As a policy and a customs, neglected to train, supervise, control,
> correct, the abuse of authority, or curtail the outrageous conduct, as
> discourage the unlawful abuse of authority, including failure to give
> them proper instructions and education as applicable to the inalienable
> rights, and rights which are guaranteed by the bill of rights as those
> rights apply to Petitioner.

(Compl. at 16.)

Plaintiff alleges that Guadalupe County, through the actions of

Kirkendall, allowed for violations of its citizens' civil rights.  However, municipal

liability cannot be predicated on a theory of respondeat superior.  Bd. of Comm'rs

of Bryan County v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently

refused to hold municipalities liable under a theory of respondeat superior.").

Consequently, the unconstitutional conduct must be directly attributable to the

municipality through some sort of official action or imprimatur.  Isolated

unconstitutional actions by municipal employees will almost never trigger liability.

Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th. Cir. 1984) ("Isolated

violations are not the persistent, often repeated, constant violations that constitute

custom and policy);  Berry v. McLemore, 670 F.2d 30, 32 (5th Cir.1982) (holding

12

that a single, improper arrest is not the kind of systematic, municipally supported abuse that constitutes custom).  Rather, a plaintiff asserting a § 1983 claim against a municipality must show an official policy of the county was the "moving force" behind the violation of constitutional rights.  See Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001).

A county's official policy may be established in several ways.  An "official policy" may arise either directly from an authorized policymaker's official adoption of a "statement, ordinance, regulation, or decision," or indirectly from a "persistent, widespread practice of non-policymaking municipal employees that is so common and well settled as to constitute a custom."  Bennett v. Slidell, 735 F.2d 861, 862 (5th Cir. 1984); Montes v. Cnty. of El Paso, Tex., No. 3:09-CV-82-KC, 2009 WL 2369621, at *10 (W.D. Tex. July 29, 2009).  "Finally, liability may also attach in rare circumstances when it stems from a single decision by the municipal policymaker not to train an individual officer 'even where there has been no pattern of previous constitutional violations.'"  Montes, 2009 WL 2369621 at *10 (citing Brown v. Bryan Cnty., Ok., 219 F.3d 250, 457 (5th Cir. 2000)).

Here, Plaintiff has not adequately alleged an "official policy" of Guadalupe County that was the "moving force" behind his constitutional rights violations.  The only allegation that could be construed to allege an "official policy" of Guadalupe County is Plaintiff's assertion that "[t]here is evidence of an

administrative revenue scheme, involving law enforcement officers, the District Attorneys, and the Judicial Department working in concert, to create sham legal proceedings in order to general counterfeit negotiable instruments." (Compl. ¶ 28). However, Plaintiff fails to allege any facts in support of this conclusory allegation and has not proffered any evidence of such.

Because Plaintiff has presented no evidence to establish Guadalupe County's liability under § 1983, the Court **GRANTS** Guadalupe County's Motion for Summary Judgment on this basis.

      b.    <u>42 U.S.C §§ 1985, 1986 and 1988</u>

Plaintiff also alleges Guadalupe County violated his civil rights under 42 U.S.C. § 1985 (Compl. at 16.)  Plaintiff's claim under 42 U.S.C. § 1985 can only arise under paragraph (3) of that statute.  Paragraphs (1) and (2) deal only with preventing office holders from discharging their duties and intimidating parties, witnesses and jurors respectively.  42 U.S.C. § 1985.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, and (3) an act in furtherance of the conspiracy, (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the

United States.  Hilliard v. Ferguson, 30 F.3d 649, 650 (5th Cir. 1994).  In so doing,

plaintiff must show that the conspiracy was motivated by a class-based animus.  Id.

       Defendants move to dismiss Plaintiff's claim under § 1985 because

his pleadings contain only conclusions of a conspiracy not supported by operative

facts.  (Mot. at 12.)  Plaintiff's complaint offers only the following conclusory

statement addressing the alleged conspiracy:

> In 1989, W.R. Kirkendall, operating as a District Attorney for the
> enterprise corporation, TEXAS, STATE OF, and it's satellite,
> GUADALUPE, THE COUNTY OF, allowed use of unlawful,
> coercive extortive tactics against the natural people of Texas by State,
> county, and local law enforcement/ private contractors to cunningly
> coerce the people to give up their rights, by their impersonation of a
> government Official, for a profit and a gain for Himself and private
> enterprise/corporation TEXAS, STATE OF, and it's Agencies, against
> the peace and dignity of the people of Texas, causing a damage to the
> people of Texas and Leonardo Rodriguez Hernandez, the man.

(Compl. at 15.)

       Additionally, nowhere in the complaint is it alleged and Plaintiff has

presented no evidence that Defendants were motivated to conspire to deny Plaintiff

his rights based on his race.  The Fifth Circuit requires an allegation of a race-

based conspiracy in order for a claim under 42 U.S.C. § 1985(3) to succeed.  Bryan

v. City of Madison, 213 F.3d 267, 276 (5th Cir. 2000).

       Moreover, a claim under § 1986 requires the defendant to have

knowledge of a violation under § 1985.  Therefore a § 1986 claim requires a

successful § 1985 claim.  Newberry v. East. Tex. State Univ., 161 F.3d 276, 281 n.

3 (5th Cir. 1998) ("If the § 1985 claim should fail, the § 1986 claim must also

fail.").  Since Plaintiff's § 1985 claim against Defendant failed, his § 1986 claim

also fails.  Additionally, Plaintiff's claims under § 1988 must be dismissed as that

section deals with awarding fees and court costs after a successful § 1983 claim.

Accordingly, the Court **GRANTS** Defendant County of Guadalupe's

Motion for Summary Judgment on Plaintiff's § 1985, 1986 and 1988 claims.

c.    State Law Fraud Claim

Guadalupe County moves to dismiss Plaintiff's claim pursuant to the

doctrine of sovereign immunity.  (Mot. at 13.)

In Texas, a governmental unit is immune from tort liability unless the

Legislature has waived immunity.  Dallas County Mental Health & Mental

Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).  The Texas Tort Claims

Act waives sovereign immunity for certain actions of governmental employees.

Harris Cnty. v. Dillard, 883 S.W.2d 166, 167 (Tex. 1994).  Specifically, the TTCA

creates a limited waiver of sovereign immunity for claims arising under one of

three specific areas of liability: (1) injury caused by an employee's use of a motor-

driven vehicle; (2) injury caused by a condition or use of tangible personal or real

property; and (3) claims arising from premises defects.  Tex. Civ. Prac. & Rem.

Code § 101.021.

16

Here, Plaintiff's fraud claim does not fall within one of the three specific areas of liability for which immunity has been waived.  Accordingly, Guadalupe County is entitled to qualified immunity and Plaintiff's fraud claim fails as a matter of law; the Court **GRANTS** Defendant's Motion for Summary Judgment.

CONCLUSION

For the reasons given, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment on all claims.   Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

DATED:  August 5, 2014, San Antonio, Texas.

_____

David Alan Ezra
Senior United States Distict Judge